UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Merrimac Construction Company, Inc.,

Debtor.

Chapter 7
BKY 14-43617 (KHS)

Nauni Jo Manty, as Chapter 7 Trustee of the
Bankruptcy Estate of Merrimac Construction
Company, Inc.,

Plaintiff,

v.

United States of America, Richard D. Szurek
and Michelle Szurek,

Defendants.

Adv. No. _____

**COMPLAINT**

Plaintiff Nauni Jo Manty, as chapter 7 trustee of the bankruptcy estate of Merrimac Construction Company, Inc., for her complaint against the United States of America, Richard D. Szurek and Michelle Szurek, states and alleges as follows:

1. The debtor filed a petition commencing this chapter 7 case on September 2, 2014.

2. This complaint is filed under Fed. R. Bankr. P. 7001(1). This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a) as an action arising in or related to a case under title 11. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H) and (O).

3. Venue of this adversary proceeding is proper pursuant to 28 U.S.C. § 1409.

4.	Nauni Jo Manty was appointed the chapter 7 trustee on September 3, 2014. The trustee has standing to commence this adversary proceeding pursuant to 11 U.S.C. §§ 548, 550 and 551.

5.	The United States of America is a party to this adversary proceeding. Service will be made upon the United States of America as provided in Fed. R. Bankr. P. 7004(b)(4) by mailing a copy of the summons and complaint addressed to: (i) the civil process clerk at the office of the United States Attorney for the District of Minnesota, Andrew M. Luger, at U.S. Courthouse, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415 and at U.S. Courthouse 316 N. Robert Street, Suite 404, St. Paul, Minnesota 55101; and (ii) the Attorney General for the United States, Loretta E. Lynch, at U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington DC 20530-0001.

6.	Richard Szurek is an individual residing at 408 Sawyer Drive, Summerland Key, Florida 33042. Mr. Szurek was the President and 100% sole stockholder of the debtor.

7.	Michelle Szurek is an individual residing at 408 Sawyer Drive, Summerland Key, Florida 33042. Ms. Szurek is married to Mr. Szurek.

8.	The debtor was a general contractor primarily engaged in the construction of municipal buildings.

9.	The schedules indicate that the debtor ceased doing business on December 31, 2013. [*See* BKY Doc. No. 1 at SOFA ¶ 18].

10.	The debtor paid the personal federal tax obligations of Mr. and Ms. Szurek, as follows:

| Check Number | Date Cleared | Amount |
|---|---|---|
| 67826 | April 16, 2013 | $46,717.00 |
| 67827 | April 15, 2013 | $13,200.00 |
| 68068 | June 18, 2013 | $13,200.00 |
| Total | | $73,117.00 |

Copies of the canceled checks are attached as Exhibit A.

11. The debtor did not receive any benefit from the payment of Mr. and Ms. Szurek's personal federal tax obligations. The transfers were made for the benefit of Mr. and Ms. Szurek.

12. The debtor's records show that between October 1, 2012 and September 30, 2013, over $2,300,000.00 of the debtor's funds were used to pay the personal expenses of Mr. and Ms. Szurek or were transferred to Mr. and Ms. Szurek. The trustee has commenced other adversary proceedings in connection with these transfers, including *Nauni Jo Manty, as Chapter 7 Trustee of the Bankruptcy Estate of Merrimac Construction Company, Inc. v. Dubuque Bank and Trust Company*, Adv. No. 15-04201 and *Nauni Jo Manty, as Chapter 7 Trustee of the Bankruptcy Estate of Merrimac Construction Company, Inc. v. Richard D. Szurek, individually, Michelle Szurek, individually, the Richard Szurek Revocable Trust a/k/a the Richard D. Szurek Revocable Living Trust and Richard D. Szurek and Michelle Szurek, as trustees of the Richard Szurek Revocable Trust a/k/a the Richard D. Szurek Revocable Living Trust*, Adv. No. 16-04081.

13. The debtor was the general contractor for the following construction projects: (i) Maple Grove Maintenance Facility, Truck Station and Vehicle Maintenance Shop, Building No. 90992, Maple Grove, Minnesota; (ii) Special School District No. 1, Lake Harriet Lower Classroom Addition; and (iii) Triton Public Schools, ISD 2125. Not all of the subcontractors on the three projects were paid in full.

14. According to the debtor's records, the claims register and the petition, the debtor was not paying all of its bills as they became due before, during and after the timeframe of the transfers. This includes, but is not limited to, payments due to the following creditors:

<u>Maple Grove Maintenance Facility</u>:  (i) Northland Mechanical Contractors, Invoice due March 31, 2013; (ii) Bear Claw Construction, LLC, Invoice due March 23, 2013; (iii) Atlas Roofing, Inc., Invoice due October 24, 2012; (iv) ClearSpan Fabric Structures, Invoices due February 27, 2013 and March 27, 2013; (v) Bloomington Electric Company, Invoice due November 30, 2012; (vi) O'Day Equipment, Invoice due March 27, 2013, and June 2, 2013; and (vii) Progressive Handling, Invoice due October 1, 2013.

<u>Lake Harriet Lower Classroom Addition</u>:  (i) Bartley Sales Company, Invoice due October 16, 2013; (ii) Building Supply Material, Invoice due June 20, 2013; (iii) KMH Erectors, Inc., Invoices due February 2, 2013, February 17, 2013, April 5, 2013, May 1, 2013, May 18, 2013, May 28, 2013, July 13, 2013 and July 31, 2013; (iv) Molin Concrete Products Co., Invoice due November 29, 2013; (v) Phasor Electric Co., Invoice due August 20, 2014; (vi) North Country Concrete, Inc., Invoice due January 30, 2014; (vii) DMJ Asphalt, Invoice due October 1, 2013; (viii) Crosstown Masonry, Invoice due May 30, 2013; (ix) Strategic Equipment, Invoice due September 20, 2013; (x) Duluth Steel Fabricators, Invoices due May 20, 2013, and June 6, 2013; (xi) Construction Cleaning Services, LLC, Invoices due September 1, 2013, and September 19, 2013; (xii) M&P Engineering Surveying Planning, Invoice due August 25, 2013; (xiii) Top Lite Contract Glazing, Inc., Invoice due November 23, 2013; (xiv) Befort Roofing & Siding, Inc., Invoice due October 25, 2013; (xv) Midwest Fence, Invoice due September 30, 2013; (xvi) WTG Terrazzo & Tile, Inc., Invoice due October 18, 2013; (xvii) Distinctive

Cabinet Design, Invoices due July 30, 2013, and September 26, 2013; and (xviii) Curb to Curb, Inc., Invoice due September 30, 2013.

<u>Triton Public Schools, ISD 2125:</u>  (i) Multiple Concepts Interiors, Inc., Invoice due September 15, 2013; (ii) Bauernfeind Goedtel, Invoice due May 31, 2014; (iii) RHR3, Inc., Invoice due November 19, 2013; (iv) The Centre Stage Mfg. Company, Invoice due October 8, 2013; and (v) Top Lite Glazing, Inc., Invoice due September 23, 2013.

15.     In addition, according to the debtor's records, the debtor withheld retainage from amounts due to creditors before, during and after the timeframe of the transfers. The retainage was withheld, but was not paid to at least the following creditors:  Action Fence, Inc.; Advance Concrete Sawing; Advance Shoring Co. Inc.; American Structure Metals, Inc.; Anderson Ladd; API Garage Door Store; Atlas Foundation Co.; Atlas Roofing, Inc.; Atomic Architectural Sheet Metal, Inc.; Bauernfeind & Goedtel; Bear Claw Construction, LLC; Befort Roofing & Siding, Inc.; Bloomington Electric Company; Breth-ZenZen Fire Protection, Inc.; ClearSpan Fabric Structures; Commercial Color; Country Materials Corp.; Crawford Door Sales Co.; Crosstown Masonry, Inc.; Culinex; D. L. Systems, Inc.; D.M. Wenner Company; Davis Contracting, Inc.; DMC Plumbing & Heating, Inc.; DMJ Asphalt; Duluth Steel Fabricators, Inc.; Express Fire Protection Service, Inc.; FLR Sanders, Inc.; Fourth Dimension; Fraser Construction Company; Gorham Oien; Great Northern Landscapes; Gresser; H&B Specialized Products; Hanson Silo Company; Hanson Structural Precast, Inc.; Helmin Landscaping, Inc.; Hufcor MN, LLC; Industrial Construction Specialist, LLC; J. Thompson & Associates, LLC; Kamish Excavation, Inc.; Keystone Caulking, LLC; KMH Erectors, Inc.; Komitt Concrete; Kremer Davis, Inc.; Kurtti Construction, Inc.; M&P Engineering Surveying Planning; Master Floors; Midwest Fence; MinnKota Architectural Products; MN Spray Foam Insulation; Modern Window Shade; Morris

5

Builders, Inc.; Multiple Concepts Interiors, Inc.; North Country Concrete, Inc.; Northern Glass & Glazing, Inc.; Northland Mechanical Contractors, Inc.; Northland Paving; Nova Frost, Inc.; O'Malley Construction, Inc.; O'Day Equipment, LLC; O'Neill Engineered Systems, Inc.; Offsource, Inc.; Overhead Door Co. of the Northland; Palmer Soderberg; Phasor Electric Co.; Progressive Handling; Protective Barrier Systems; Quality Cutting & Coring, Inc.; Quality Overhead Doors; Red Cedar Steel Erectors, Inc.; RHR3, Inc.; S.A. Jordan; Schammel Electric, Inc.; School Specialty; Sentra-Sorta Sheetmetal, Inc.; Service Fire Protection; Signation Sign Group; St. Cloud Sprinkler Company, Inc.; Stadium Steve Snyder; Starting Line Floor Coatings, Inc.; Strategic Equipment; Superior Contractors, LLC; Superior Painting & Decorating, Inc.; THD Design; The Caulkers Company; The Center Stage Mfg. Company; The Locker Guy; Therma Spray; Thiemann Construction, Inc.; Top Lite Glazing, Inc.; Twin City Acoustics, Inc.; Waterproofing By Experts, Inc.; Wells Concrete Products; Wissota Supply Co., Inc.; Wm. M. Heinz & Sons, Inc.; and WTG Terrazzo & Tile, Inc.

16.     Several of the subcontractors filed suit against the debtor because, among other things, the debtor did not pay the subcontractors for the work performed on the three construction projects. The lawsuits include, but are not limited to: *Bloomington Elec. Co. v. Merrimac Constr. Co.*, Case No. 27-cv-14-12107 (Hennepin County); *Distinctive Cabinet Design, Inc. v. Merrimac Constr. Co.*, Case No. 02-cv-14-1755 (Anoka County); *Midwest Fence & Mfg. Co. v. Merrimac Constr. Co.*, Case No. 27-cv-14-13819 (Hennepin County); *RHR3, Inc. v. Merrimac Constr. Co.*, Case No. 20-cv-14-606 (Dodge County); *Sentra-Sota Sheet Metal, Inc. v. Merrimac Constr. Co.*, Case No. 27-cv-14-12108 (Hennepin County); *Twin City Acoustics, Inc. v. Merrimac Constr. Co.*, Case No. 27-cv-14-9510 (Hennepin County); and *Twin City*

6

*Garage Door Co. v. Merrimac Constr. Co*, Case No. 27-cv-14-13820 (Hennepin County) and *Twin City Acoustics, Inc., v. Merrimac Constr. Co.,* Case No. 20-cv-14-431 (Dodge County).

17.     The debtor was also involved in litigation arising out of the Maple Grove Maintenance Facility, Truck Station and Vehicle Maintenance Shop, Building No. 90992, Maple Grove, Minnesota construction project *Merrimac Construction, Inc. v. Minnesota Department of Transportation* (Ramsey County), Case No. 62-cv-13-6680.

18.     Upon information and belief, and based on the value of the debtor's non-exempt assets and liabilities in the petition, the debtor's liabilities exceeded the value of its assets when the transfers were made.

19.     The debtor scheduled $2,025,836.82 of assets and $2,210,716.16 of liabilities, comprised entirely of unsecured nonpriority claims.

20.     The Statement of Financial Affairs provides that the debtor's Ordinary Business Income from October 1, 2012, through September 30, 2013, was negative $428,677.00. The transfers took place during this timeframe.

21.     At the time of the transfers, the debtor: (i) was insolvent, or was rendered insolvent by the transfers; (ii) engaged or was about to engage in a business or transaction for which the property remaining with the debtor constituted unreasonably small capital; or (iii) believed it would incur debts beyond its ability to pay.

22.     During the course of this adversary proceeding, the trustee may learn (through discovery or otherwise) of additional transfers made to the United States of America. It is the trustee's intention to avoid and recover all transfers made by the debtor of an interest in property to or for the benefit of the defendants or any other transferee. The trustee reserves the right to amend this complaint to include: (i) further information regarding the transfers at issue in this

7

complaint; (ii) additional transfers; (iii) modifications or revisions to the defendants' names; (iv) additional defendants; or (v) additional causes of action that may become known to the trustee at any time during this adversary proceeding through formal discovery or otherwise and for all such amendments to relate back to this original complaint.

## COUNT ONE – ACTUAL FRAUD
**Fraudulent Transfer Under 11 U.S.C. §§ 548(a)(1)(A), 550 and 551**
**(As to All Defendants)**

23.     The trustee restates and realleges all previous paragraphs as though fully set forth herein.

24.     11 U.S.C. § 548(a)(1)(A) of the bankruptcy code provides that "the trustee may avoid any transfer…of an interest of the debtor in property….made…within 2 years before the date of the filing of the petition if the debtor voluntarily or involuntarily – (A) made such transfer…with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made…indebted."

25.     Actual intent to hinder, delay or defraud is typically determined by reference to the "badges of fraud" developed in the common law, and incorporated in the Uniform Fraudulent Transfer Act, which Minnesota adopted in Minn. Stat. § 513.44(b).

26.     The debtor transferred $73,117.00 to the United States of America on or about April 15, 2013, April 16, 2013, and June 18, 2013. The transfers took place on or within two years prior to the petition date.

27.     Numerous badges of fraud demonstrate the debtor's actual intent to hinder, delay or defraud its creditors with respect to the transfers. Actual fraud is demonstrated by, among other things:

8

  (a) The debtor did not receive reasonably equivalent value for the transfers.

  (b) The debtor was insolvent or became insolvent shortly after the transfers were made. This is demonstrated by, among other things, the facts set forth in paragraphs 12 to 20 above.

  (c) The transfers occurred shortly before or shortly after substantial debts were incurred. This is demonstrated by, among other things, the facts set forth in paragraphs 13 to 15 above.

  (d) Before the transfers were made, the debtor had been sued or threated with suit. This is demonstrated by, among other things, the facts set forth in paragraphs 16 and 17 above.

  (e) The transfers benefited one or more insiders of the debtor.

28. To the extent that the United States of America is not the initial transferee of the transfers, it is the immediate or mediate transferee of the initial transferee of the transfers and cannot satisfy the burden that it took the transfers for value in good faith and without knowledge of the voidability of the transfers.

29. Therefore, the transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(A) of the bankruptcy code. Pursuant to 11 U.S.C. § 550 and 551, to the extent the transfers are avoided under 11 U.S.C. § 548, the trustee may recover for the benefit of the estate the property transferred or the value of such property from the initial transferee or the entity whose benefit such transfers were made or any immediate or mediate transferee of such initial transferee. The trustee is seeking recovery from Richard Szurek and Michelle Szurek as the entities for whose

9

benefit the transfers were made and from the United States of America as the initial transferee of such transfers or any immediate or mediate transferee of such initial transferee.

## COUNT TWO – CONSTRUCTIVE FRAUD
### Fraudulent Transfer Under 11 U.S.C. §§ 548(a)(1)(B), 550 and 551
### (As to All Defendants)

30. The trustee restates and realleges all previous paragraphs as though fully set forth herein.

31. 11 U.S.C. § 548(a)(1)(B) of the bankruptcy code provides that "the trustee may avoid any transfer…of an interest of the debtor in property, or any obligation….made…within 2 years before the date of the filing of the petition if the debtor voluntarily or involuntarily-(B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation…and (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred…or became insolvent as a result of such transfer or obligation; (II) was engaged in a business or transaction, or was about to engage in a business or transaction, for which any property remaining with the debtor was an unreasonably small capital; [or] (III) intended to incur, or believed the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured."

32. The debtor transferred $73,117.00 to the United States of America on or about April 15, 2013, April 16, 2013, and June 18, 2013. The transfers took place on or within two years prior to the petition date.

33. The debtor received less than reasonably equivalent value in exchange for the transfers.

34. The debtor: (i) was insolvent on the date the transfers were made or became insolvent as a result the transfers; (ii) was engaged in businesses or transactions, or was about to

engage in businesses or transactions, for which the property remaining with the debtor after the transfers were effectuated constituted unreasonably small capital; or (iii) at the time of the transfers, intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as the debts matured. This is demonstrated by the facts set forth in paragraphs 12 to 20 above.

35. To the extent that the United States of America is not the initial transferee of the transfers, it is the immediate or mediate transferee of the initial transferee of the transfers and cannot satisfy the burden that it took the transfers for value in good faith or without knowledge of the voidability of the transfers.

36. Therefore, the transfers are avoidable pursuant to 11 U.S.C. §548(a)(1)(B) of the bankruptcy code. Pursuant to 11 U.S.C. § 550 and 551, to the extent the transfers are avoided under 11 U.S.C. § 548, the trustee may recover for the benefit of the estate the property transferred or the value of such property from the initial transferee or the entity whose benefit such transfers were made or any immediate or mediate transferee of such initial transferee. The trustee is seeking recovery from Richard Szurek and Michelle Szurek as the entities for whose benefit the transfers were made and from the United States of America as the initial transferee of such transfer or any immediate or mediate transferee of such initial transferee.

**WHEREFORE**, the trustee prays for judgment, as follows:

(a) Under Counts I and II, against all defendants, jointly and severally, for avoidance of the transfers in the minimum amount of $73,117.00 and an order setting the same aside and preserving the value of such transfers for the benefit of the bankruptcy estate under 11 U.S.C. §§ 548, 550 and 551;

(b) Awarding the trustee all applicable interest, including prejudgment and post-judgment interest; and

(c) For such other and further relief as the court deems just and equitable.

| | |
|---|---|
| Dated: August 24, 2016 | MANTY & ASSOCIATES, P.A. |
| | By: */e/ Jacqueline J. Williams* |
| | Nauni Jo Manty (#230352) |
| | Jacqueline J. Williams (#386611) |
| | 401 Second Avenue North, Suite 400 |
| | Minneapolis, MN 55401 |
| | Phone: (612) 465-0990 |
| | Email: jwilliams@mantylaw.com |

*Attorneys for the Trustee*

## **VERIFICATION**

I, Nauni Jo Manty, trustee and plaintiff named in the complaint, declare under perjury of penalty that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief.

Dated: August 24, 2016

_____
Nauni Jo Manty, Trustee



**EXHIBIT A**



Date:04-15-2013 ImgFile:cxincC01 Ac  2910 Amount:$13,200.00
Serial:57327 Sequence:9736474 Transit/Routing:91013302 TranCode 31
DbCr:D BankID 10 EAF 0 OrigSequence:9736474
Pocket:1 RapassPocket:99 Old BankID:10

Date:04-15-2013 ImgFile:cxincC01 Accoun  12910 Amount:$13,200.00
Serial:57827 Sequence:9736474 Transit/Routing:91013302 TranCode 31
DbCr:D BankID:10 EAF:0 OrigSequence:9736474
Pocket:1 RapassPocket:99 Old BankID:10



Date:06-18-2013 ImgFile:cxinc001 Accou 2910 Amount:$13,200.00
Serial:68C68 Sequence:9953794 Transit Routing:91013302 TranCode:31
DbCr:D BankID:10 EAF:0 OrigSequence:9953794
Pocket:1 RepassPocket:99 Old BankID:10



Date:06-18-2013 ImgFile:cxinc001 Accr 02910 Amount:$13,200.00
Serial:68C68 Sequence:9953794 Transit Routing:91013302 TranCode:31
DbCr:D BankID:10 EAF:0 OrigSequence:9953794
Pocket:1 RepassPocket:99 Old BankID:10